1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6    MIGUEL WHITE, AI7031,                    Case No. 21-cv-04221-CRB  (PR)

7              Plaintiff,                     **ORDER GRANTING MOTION FOR
                                              TERMINATING SANCTIONS AND
8         v.                                  DISMISSING ACTION WITHOUT
                                              PREJUDICE**
9    X. GONZALES, et al.,
                                              (ECF No. 46)
10             Defendant(s).

11        Plaintiff, a prisoner at Kern Valley State Prison (KVSP), filed this pro se action for

12   damages under 42 U.S.C. § 1983 alleging that on May 21, 2019, while he was incarcerated at

13   Salinas Valley State Prison (SVSP), correctional officer defendants failed to protect him from an

14   attack by another prisoner in violation of the Eighth Amendment.  Currently before the court for

15   decision is defendants' motion for terminating sanctions under Federal Rules of Civil Procedure

16   37(b)(2) based on plaintiff's repeated failure to respond to their request for production of

17   documents and/or comply with the court's orders.  Plaintiff has not responded to the motion.  For

18   the reasons that follow, the motion for terminating sanctions will be granted, and this action will

19   be dismissed without prejudice.

20                               **RELEVANT BACKGROUND**

21        On January 25, 2022, the court screened the operative First Amended Complaint (FAC)

22   pursuant to 28 U.S.C. § 1915A(a) and found that, liberally construed, plaintiff's allegations that

23   SVSP correctional officers A. Tapia and X. Gonzales stepped back and let another prisoner chase,

24   trip and beat him up while handcuffed states a cognizable "failure-to-protect Eighth Amendment

25   claim under § 1983" against Tapia and Gonzales and ordered them served.  ECF No. 10 at 2.  The

26   court also set a dispositive motion deadline within 90 days and informed the parties that they

27   could conduct discovery without "further court order."  Id. at 5.  On April 4, 2022, the dispositive

28   motion deadline was extended to July 24, 2022.  ECF No. 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

A.      First Court Order to Respond to Discovery

On July 15, 2022, defendants filed a notice of discovery dispute and request for extension of time to file a dispositive motion after plaintiff failed to appear at a noticed deposition on July 8, 2022.  ECF No. 23.  The court ordered plaintiff "to appear and testify for an oral deposition" and extended the dispositive motion deadline to October 7, 2022.  ECF No. 24 at 1.  Plaintiff appeared and testified at a re-noticed deposition "on August 22, 2022."  EFC No. 46 at 3.

B.      Second Court Order to Respond to Discovery

On August 12, 2022, defendants served plaintiff with requests for written admissions and interrogatories and production of documents.  Id.  By September 14, 2022, plaintiff had not responded to the discovery requests or contacted defendants' counsel.  Id.

On September 22, 2022, defendants filed a second notice of discovery dispute and request for extension of time to file a dispositive motion.  ECF No. 26.  On October 21, 2022, the court ordered plaintiff "to respond to duly served interrogatories and requests for production" and extended the dispositive motion deadline to December 6, 2022.  EFC No. 27 at 2.

On October 28, 2022, plaintiff filed a letter requesting additional copies and time to respond to the discovery requests.  ECF No. 28.  On October 31, 2022, defendants filed a statement of non-opposition noting that upon receipt they had mailed plaintiff additional copies of their discovery requests and requesting a continuance of the dispositive motion deadline.  EFC No. 29.  On November 29, 2022, the court granted the parties' requests for an extension of time to complete ongoing discovery and file a dispositive motion and extended the dispositive motion deadline to January 13, 2023.  EFC No. 30.[1]

C.      Third Court Order to Respond to Discovery

By January 5, 2023, plaintiff had "not responded" to defendants' requests for written admissions and interrogatories and production of documents.  ECF No. 33 at 3.  Defendants consequently filed a third notice of discovery dispute and request for extension of time to file a

---

[1] On December 8, 2022, plaintiff filed a motion for extension of time (dated December 1, 2022) which the court dismissed as moot because the motion "appears to have crossed in the mail with the court's [November 29, 2022 order] granting the parties an extension of time to complete ongoing discovery and file a dispositive motion." ECF No. 32 at 1 (citation omitted).

2

1   dispositive motion.  Id.  On January 27, 2023, the court ordered plaintiff "to respond to duly

2   served interrogatories and requests for production" and extended the dispositive motion deadline

3   to March 14, 2023.  EFC No. 35 at 2.  On March 14, 2023, the dispositive motion deadline was

4   extended to May 15, 2023.  ECF No. 38.

5          On April 13, 2023, defense counsel "met and conferred" with plaintiff and agreed to grant

6   plaintiff an additional three weeks to respond to the outstanding discovery requests.  EFC No. 46-1

7   at ¶ 4.  On May 9, 2023, plaintiff "sent responses" to the requests for written admissions and

8   interrogatories "but did not send responses" to the request for production of documents.  Id. at ¶ 5.

9   In a letter to defense counsel, plaintiff "explained that he was unable to get any documents

10  because he could not access the law library."  Id.

11         On May 4, 2023, the court extended the dispositive motion deadline to June 14, 2023.

12  ECF No. 40.

13  D.     Defendants' First Motion for Terminating Sanctions

14         On June 12, 2023, defendants filed their first motion for terminating sanctions under

15  Federal Rule of Civil Procedure 37(b)(2) based on plaintiff's repeated failure to respond to their

16  request for production of documents.  EFC No. 41.  The court promptly set a briefing schedule,

17  but plaintiff did not respond to the motion.  See EFC Nos. 42 & 43.  On August 18, 2023, the

18  court nonetheless denied the motion without prejudice:

> Although plaintiff did not respond to the motion, defendants note in their supporting papers that plaintiff responded to their request for admissions and interrogatories and explained in a letter that he could not respond to their request for production of documents because of his "inability to access the law library." ECF No. 41 at 4. Plaintiff specifically wrote to defendants, "due to not being able to go to law library I could not get everything I need like medical report, and the documents you asked for I'll be sending them next when I'm able to go to the law library." Id. No. 41-1 at 8.
>
> Good cause appearing therefor, prison officials shall provide plaintiff with reasonable access to the prison law library at Kern Valley State Prison (KVSP) so that he may respond to defendants' request for production of documents by no later than September 8, 2023. By no later than October 6, 2023, defendants shall file motion for summary judgment under Rule 56 or, if appropriate, renew their motion for terminating sanctions under Rule 37(b)(2).

ECF No. 44 at 1.

3

United States District Court
Northern District of California

1    On October 5, 2023, defendants filed a second motion for terminating sanctions under Rule

2    37(b)(2) based on plaintiff's repeated failure to respond to their request for production of

3    documents and/or comply with the court's orders.  ECF No. 46.  Among other things, defendants

4    argue that plaintiff has made no effort to access the law library to respond to their request for

5    production of documents despite defense counsel writing plaintiff a letter informing him of the

6    court's ruling and of the process for requesting access to the law library.  See ECF Nos. 46 at 4 &

7    No. 46-1 at ¶¶ 9-11.  Plaintiff has not responded to the motion.

8                                    **LEGAL STANDARD**

9    Federal Rule of Civil Procedure 37(b)(2) authorizes terminating sanctions "against a party

10   who 'fails to obey an order to provide or permit discovery.'"  U.S. ex rel. Wiltec Guam, Inc., v.

11   Kahaluu Const. Co., 857 F.2d 600, 603 (9th Cir. 1988) (quoting Fed. R. Civ. P. 37(b)(2)).[2]  Rule

12   37(b)(2) requires that "any sanction [imposed pursuant to it] must be 'just.'"  Ins. Corp. of Ireland

13   v. Campagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982).  Severe sections like dismissal

14   and default judgement are authorized only in "extreme circumstances."  Fjelstad v. American

15   Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985).  "A terminating sanction . . . is very

16   severe," so "[o]nly willfulness, bad faith, and fault [can] justify terminating sanctions."  Conn.

17   Gen. Life Ins. Co. v. New Images of Beverly Hill, 482 F.3d 1091, 1096 (9th Cir. 2007).

18   In addition to a finding of willfulness, bad faith or fault, the Ninth Circuit has identified

19   five factors that a court must weigh in determining whether dismissal is warranted under Rule

20   37(b)(2): "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

21   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

22   disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Kahaluu

23   Const. Co., 857 F.2d at 603 (quoting Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

24   1987)).[3]  These factors are "not serious conditions precedent before the judge can do anything,"

25

26   [2] Rule 41(b) similarly authorizes terminating sanctions against a party for failure to prosecute or comply with a court order.  See Fed. R. Civ. P. 41(b).

27   [3] The same five-factors used to determine whether dismissal is warranted under Rule 37(b)(2) are used to determine whether dismissal is warranted under Rule 41(b).  See Leon v. IDX

28   Sys. Corp., 464 F.3d 951, 958 n.4 (9th Cir. 2006).

but a "way for a district judge to think about what to do."  Valley Eng'rs Inc. v. Elec. Eng'g Co., 159 F.3d 1051, 1057 (9th Cir. 1998).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

These rules apply not only to litigants represented by counsel, but to self-represented parties as well.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), overruled on other grounds by Lacey v. Maricopa Conty., 693 F.3d 896 (9th Cir. 2012) (en banc).  While "'[a] party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, [] pro se status does not excuse intentional noncompliance with discovery rules and court orders.'" Arellano v. Blahnik, No. 16-cv-2412-CAB-MSB, 2019 WL 2710527, at *5 (S.D. Cal. June 28, 2019) (quoting Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014)), report and recommendation adopted by 2019 WL 3429232 (S.D. Cal. July 30, 2019); see also Gordon v. Cnty. of Alameda, No. 06-cv-2997-SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted").

**DISCUSSION**

Before imposing a terminating sanction under Rule 37(b)(2), a court must find that the litigant's violations of discovery orders were "due to willfulness, bad faith, or fault of the party." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing Wyle v. R.J. Reynolds Indus., 709 F.2d 585, 589 (9th Cir. 1983)).  Willfulness is defined as disobedient conduct "within the litigant's control." Fjelstad, 762 F.2d at 1341; accord United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980) ("[D]ismissal . . . may [not] be imposed when failure to comply with discovery orders is due to circumstances beyond the disobedient party's control.").

Here, plaintiff repeatedly has violated the court's orders to respond to defendants' request for production of documents.  Defendants first served plaintiff with their request for production of documents on August 12, 2022.  On October 21, 2022, after plaintiff failed to respond to the

1    request, the court ordered him to do so.  Then on January 27, 2023, after plaintiff still had not

2    responded to the request, the court again ordered him to do so.  On May 9, 2023, plaintiff

3    responded to defendants' requests for written admission and interrogatories but did not respond to

4    the request for production of documents.  As a result of plaintiff's continued failure to respond to

5    their request for production of documents, defendants filed their first motion for terminating

6    sanctions on June 12, 2023.  Plaintiff did not respond to the motion but in letter to defense counsel

7    explained that he was unable to respond to the request for production of documents because he

8    was unable to access the law library.  On August 18, 2023, the court considered plaintiff's

9    explanation to defense counsel and denied the motion for terminating sanctions without prejudice

10   and ordered prison officials to provide plaintiff with reasonable access to the prison law library so

11   that he could respond to defendants' outstanding request for production of documents by

12   September 8, 2023.

13          To date, plaintiff has not responded to defendants' August 12, 2022 request for production

14   of documents, in violation of the court's October 21, 2022, January 27, 2023 and August 18, 2023

15   orders.  Nor has he responded to defendants' second motion for terminating sanctions or attempted

16   to show that his continued failure to comply with the discovery obligations imposed on him by the

17   Federal Rules of Civil Procedure and this court's orders was and/or is outside of his control.  See

18   Fjelstad, 762 F.2d at 1341.  Defendants by contrast have submitted evidence that plaintiff has

19   made no effort to access the law library to respond to their request for production of documents

20   despite defense counsel writing plaintiff a letter informing him of the court's ruling and of the

21   process for requesting access to the law library.  Under the circumstances, the court finds that

22   plaintiff's disobedient conduct falls within his control and is willful.  See id.

23          The court next must weigh the five factors set out in Malone to help it determine whether

24   dismissal is appropriate in this case.  See Malone, 833 F.2d at 130.

25   A.     Factors 1 and 2: Public's Interest in Expeditious Resolution and Docket Management

26          The Ninth Circuit has held that the first two Malone factors "favor the imposition of

27   sanctions in most cases."  Wanderer, 910 F.2d at 656.  For the first factor, "'[t]he public's interest

28   in expeditious resolution of litigation always favors dismissal.'"  Pagtalunan v. Galaza, 291 F.3d

United States District Court
Northern District of California

639, 642 (9th Cir. 2002) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the court's need to manage its docket, "[w]hen a litigant's failure to comply with discovery obligations required the Court to address such non-compliance, this factor weighs in favor of dismissal." Arellano, 2019 WL 2710527, at *8 (citing Pagtalunan, 291 F.3d at 642). "The trial judge is in the best position to determine whether a delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d at 642 (citation omitted).

Here, the first two Malone factors weigh in favor of dismissal. Defendants served plaintiff with their request for production of documents over 18 months ago. Since then, the court has had to address multiple notices and motions of discovery disputes and issue multiple orders regarding plaintiff's continued failure to respond to defendants' request for production of documents and/or to comply with it orders. In addition, the court has had to grant multiple extensions of time and modifications of its scheduling orders in what should have been a straight-forward prisoner § 1983 failure-to-protect action solely due to plaintiff's continued failure to respond to defendants' request for production of documents and/or to comply with the court's orders. Under the circumstances, the court finds that the first and second Malone factors weigh in favor of dismissal. See Arellano, 2019 WL 2710527, at *8 ("When a litigant's failure to comply with discovery obligations required the Court to address such non-compliance, this factor weighs in favor of dismissal"); see also Calderon v. Holland, No. 13-cv-1974-LJO-BA, 2014 WL 950367, at *2 (E.D. Cal. Mar. 11, 2014) (finding public's interest in expeditiously resolving case and court's interest in managing docket weighed in favor of dismissal "because the petition has been pending for a lengthy period.").

B.     Factor 3: Prejudice to Defendants

The third Malone factor "looks to whether the [plaintiff's] actions impaired [the defendants'] ability to go to trial or threatened to interfere with the rightful decision of the case." Kahaluu, 857 F.2d at 604 (citation omitted). The pendency of the lawsuit alone is not enough to warrant dismissal, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643 (citation omitted). Accordingly, a "presumption of injury arises from the occurrence of unreasonable delay in

United States District Court
Northern District of California

1    prosecuting an action." Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  This

2    presumption of prejudice to the opposing party "can be overcome only with an affirmative

3    showing of just cause by the" party who has failed to prosecute the action and/or failed to comply

4    with court orders.  In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994).  Importantly, "[f]ailing to

5    produce documents as ordered is considered sufficient prejudice" as a matter of law.  Allen v.

6    Bayer Corp. (In re Phenylpropanolamine (PPA) Prod. Liab. Litig.), 460 F.3d 1217, 1227 (9th Cir.

7    2006) (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)).

8            Here, the third Malone factor weighs in favor of dismissal.  Plaintiff's continued failure to

9    respond to defendants' August 12, 2022 request for production of documents as ordered by the

10   court may be considered prejudicial in this case due to the unnecessary and prolonged delay it has

11   caused.  See id. at 1227; Hernandez v. City of El Monte, 138 F.3d 393, 400–01 (9th Cir. 1998).

12   As defendants point out, plaintiff's failure to respond has caused them "to seek numerous

13   extensions of time to conduct basic discovery" and forced them to file multiple notices of

14   discovery dispute and motions for terminating sanctions.  EFC No. 46 at 7.  Plaintiff's disobedient

15   conduct has caused a delay of more than 18 months in this case and "the law presumes injury from

16   [such] unreasonable delay." Anderson, 542 F.2d at 524.  Plaintiff's continued failure to respond to

17   defendants' request for production of documents also has prejudiced defendants by preventing

18   them from properly ascertaining if there is any probative evidence of deliberate indifference and

19   the extent of any damages suffered.  See Bradford v. Marchak, No. 14-cv-1689-JLO-BAM, 2018

20   WL 3046974, at *7 (E.D. Cal. June 19, 2018) (defendants entitled to know facts upon which

21   plaintiff bases claims and documents which support claims), report and recommendation adopted

22   by 2018 WL 10923433 (E.D. Cal. July 9, 2018).  Under the circumstances, the court finds that the

23   third Malone factor weighs in favor of dismissal.  Accord id. at *8 (finding inability to fully

24   defend case or move forward with potential dispositive motions due to plaintiff's failure to comply

25   with discovery, coupled with delay, prejudicial to defendants).

26   C.      Factor 4: Public Policy Favoring Disposition on Merits

27           The public policy favoring disposition of cases on their merits typically weighs against

28   dismissal.  Pagtalunan, 291 F.3d at 643.  But when the disobedient party's behavior has impeded

United States District Court
Northern District of California

8

1    disposition on the merits, this factor "lends little support." Allen, 460 F.3d at 1228.  District courts

2    in this circuit accordingly have found that disposition of cases on their merits is not furthered by

3    litigants who refuse to provide discovery needed for preparation of a defense against his claim.

4    See Sanchez, 298 F.R.D. at 465 ("public policy favoring disposition on their merits is not

5    furthered by litigants . . . who refuse to provide discovery needed for preparation of a defense

6    against his claims") (emphasis in original); Meeks v. Wells Fargo Bank, No. 13-cv-1261-KJM-

7    DAD, 2014 WL 295171, *2 (E.D. Cal. Jan. 27, 2014) (same); Bratton v. Ontario Police Dep't, No.

8    13-cv-1404-DOC, 2013 WL 6798003, *3 (C.D. Cal. Dec. 17, 2013) (same).

9            Here, plaintiff's continued failure to respond to defendants' request for production of

10   documents has caused significant delay and prevented this case from progressing towards

11   resolution on the merits.  Under the circumstances, the court finds that the fourth Malone factor

12   has little weight and will be considered a neutral factor.  Accord Arellano, 2019 WL 2710527, at

13   *9 (considering fourth Malone factor a neutral factor where plaintiff's willful acts have prevented

14   disposition of case on merits).[4]

15   D.      Factor 5: Availability of Less Drastic Sanctions

16            Under the fifth and final Malone factor, district courts must consider less severe

17   alternatives and discuss them before electing to dismiss.  See Kahaluu, 857 F.2d at 604 (citing

18   Halaco Engineering Co. v. Costle, 842 F.2d 376, 381 (9th Cir. 1988).  Reviewing courts consider

19   whether a district court discussed the feasibility of less severe sanctions, implemented alternative

20   sanctions prior to dismissal, or warned the party of the possibility of dismissal.  Malone, 833 F.2d

21   at 132.  But although "reasonable exploration of possible and meaningful alternatives" is required,

22   the court need not examine every possible alternative.  Anderson, 542 F.2d at 525.  "Warning a

23   plaintiff that failure to obey a court order will result in dismissal can suffice to meet" this

24   requirement.  Id.; see also Kahaluu, 857 F.2d at 605 (Although "[a]n explicit warning is not

25   always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances,

26

27            [4] To the extent that the fourth Malone factor may weigh against dismissal, that weight is
     mitigated by the court's decision to dismiss without prejudice.  See Cardiff v. Tingy, No. 98-cv-
28   20998-JW, 2006 WL 1343441. *3 (N.D. Cal. May 17, 2006) ("Because this Court chooses to
     dismiss this action without prejudice . . . the weight of [the fourth factor] is mitigated.").

United States District Court
Northern District of California

the failure to warn may place the district court's order in serious jeopardy.").

Defendants argue that the court warned plaintiff that failure to comply with its orders "could result in dismissal of his claims" and that less drastic sanctions would be ineffective. EFC No. 46 at 9. The court agrees. The court ordered plaintiff to respond to defendants' request for production of documents on October 21, 2022 and on January 27, 2023. And again, on August 18, 2023, after denying without prejudice defendants' first motion for terminating sanctions and sua sponte ordering prison officials to provide plaintiff with reasonable access to the law library so that he could respond to the request for production of documents by no later than September 8, 2023. The court also provided plaintiff with extensions of time to respond again and again and generally warned him that failure to prosecute or comply with the court's orders could result in the dismissal of his case. But to date plaintiff has not responded to the request for production of documents or the pending motion for terminating sanctions, or even sought access to the law library which he told defense counsel he needed to comply. Nor has plaintiff informed the court of his intentions or desire to continue litigating this case. In sum, plaintiff's history of non-compliance forecloses any assumption that a new extension or order to comply would be fruitful.

Less drastic sanctions under Rule 37(c) would likely be ineffective in this case. Monetary sanctions are unlikely to hold much sway here because plaintiff is proceeding in forma pauperis and lacks funds to pay a monetary sanction. Accord Morrow v. Sacramento DEA, No. 13-cv-2188-GEB-KJN, 2014 WL 907349, *3 (E.D. Cal. Mar. 7, 2014) ("[I]n light of plaintiff's in forma pauperis status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal."); Oppedahl v. Orange Cnty. Healthcare Agency, No. 13-cv-1388-MWF, 2014 WL 495624, *2 (C.D. Cal. Feb. 6, 2014) ("Other possible sanctions for plaintiff's failures are not appropriate with respect to a pro se prisoner litigant seeking to proceed in forma pauperis."). Nor has this case progressed far enough for evidentiary sanctions to be threatened against plaintiff. See Cardiff, 2006 WL 1343441, at *2. Under the circumstances, the court finds that less drastic sanctions than dismissal are not appropriate in this case.

The court nonetheless recognizes that dismissal is a severe sanction. But dismissal as a terminating sanction may be with or without prejudice. See In re Jee, 799 F.2d 532, 534 n.2 (9th

10

United States District Court
Northern District of California

1   Cir. 1986).  One consideration pertinent in determining wither dismissal should be with or without

2   prejudice is whether the court previously warned plaintiff that failure to obey a court order would

3   result in dismissal.  Dismissal with prejudice may be inappropriate if "the Court has never

4   explicitly warned plaintiff that he faced the ultimate sanction" for lack of prosecution.  North v.

5   Persons, No. 14-cv-0847-VBF-AJW, 2016 WL 4035719, at *8 (C.D. Cal. May 20, 2016)

6   (emphasis added).  As noted earlier, the court here generally warned plaintiff that failure to

7   prosecute or comply with the court's orders could lead to the dismissal of his case.  But the court

8   never explicitly warned plaintiff that failure to respond to defendants' request for production of

9   documents would result in his entire case being dismissed with prejudice.  Under the

10  circumstances, the court finds that "it would upset notions of fundamental fairness" to dismiss this

11  case with prejudice "while failing to give notice of its inclination to impose this extreme remedy."

12  Id. at *8 (citation and internal quotation marks omitted).  Dismissal without prejudice, "a

13  significantly lesser sanction than dismissal with prejudice," is more appropriate in this case.

14  Gravel v. Ulrich, No. 15-cv-0219-PSG-RAO, 2016 WL 578244, at *2 (C.D. Cal. Jan. 14, 2016),

15  report and recommendation adopted by 2016 WL 593429 (C.D. Cal. Feb. 12, 2016).

16          In sum, consideration of the five Malone factors weighs in favor of dismissal as a

17  terminating sanction.  But in view of the fifth Malone factor, the court will dismiss the action

18  without prejudice.

19                                              **CONCLUSION**

20          For the foregoing reasons, defendants' motion for terminating sanctions under Rule 37

21  (ECF No. 46) is GRANTED and this action is DISMISSED without prejudice.

22          The clerk is directed to close the case and terminate all pending motions as moot.

23          **IT IS SO ORDERED**.

24  Dated:  April 16, 2024

25  _____

26  CHARLES R. BREYER
    United States District Judge

27

28

11